Block, Bell & Co., recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada.

Núm. 302.—*Sometido:* Marzo 17, 1944. *Resuelto:* Abril 12, 1944.

*Harry Manuel Besosa,* abogado de la recurrente; *Joaquín Correa,* abogado de la demandada; *E. Cornier Martínez,* abogado del obrero lesionado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Los peticionarios Block, Bell & Co., han radicado ante esta corte una solicitud para la revisión de procedimientos seguidos ante la Comisión Industrial. Alegan que en marzo 10 de 1943 el Sr. Allan B. Block, socio de la firma peticionaria, fué notificado para que compareciera a la vista pública que habría de celebrarse el 24 del mismo mes, en el asunto de la reclamación del obrero René Cuevas Roselló contra Block, Bell & Co.; que la notificación recibida por el señor Block estaba escrita totalmente en español; que Block concurrió a la vista bajo la impresión de que se trataba de una investigación preliminar que en nada habría de perjudicarle; que por no saber español, Block no solicitó los servicios de un abogado, ni llevó prueba a dicha vista, ni repreguntó a los testigos del obrero reclamante; que en abril 21 de 1943, la Comisión dictó una resolución declarando a Block, Bell & Co. patrono no asegurado; que en julio 9 de 1943, a petición del abogado de la firma recurrente, la Comisión dictó una resolución concediendo una ampliación de la vista, la que fué señalada para septiembre 20 de 1943; que encontrándose ya preparada la firma recurrente para

presentar su defensa y su prueba, la Comisión, a petición de los abogados del obrero y del Fondo del Seguro del Estado, dictó una nueva resolución declarando sin lugar la petición sobre ampliación de la vista y dejando en todo su vigor y efecto la resolución de abril 21 de 1943, por la que se declaró a la recurrente patrono no asegurado; y que la solicitud de reconsideración fué denegada.

Los fundamentos de la petición de revisión son:

1. Que Block, Bell & Co. fueron privados de su derecho constitucional a ser oídos y a presentar prueba en su defensa, porque la notificación hecha a Block estaba redactada en español y éste no tuvo oportunidad de presentar prueba ni de repreguntar a los testigos en su contra, ni de enterarse de las declaraciones de los testigos de parte del obrero.

2. Que aun cuando la petición hecha por Block, Bell & Co. se intituló erróneamente ''Petición para Nueva Vista'', lo que en realidad se solicitó fué una ''Ampliación de Vista'', para que el patrono tuviese una oportunidad de ser oído y de presentar su prueba.

3. Que Block, Bell & Co. tiene una buena defensa, o sea que dicha firma celebró un contrato con E. Moreno & Co., para la carga y descarga de sus barcos, como contratistas independientes, con obligación por parte de éstos, de asegurar sus trabajadores; y que el accidente ocurrido a René Cuevas Roselló estaba cubierto por la póliza de E. Moreno & Co.

Para poder determinar si la recurrente ha sido condenada a pagar sin haber tenido una oportunidad de defenderse, hemos hecho un cuidadoso estudio del récord del caso ante la Comisión Industrial y hemos llegado a la conclusión de que la contención de la recurrente carece de fundamentos meritorios.

La notificación que se hizo al Sr. Block en marzo 10 de 1943, después del título del caso, leía así:

''*Notificación de Vista Pública.*  A Block, Bell & Co. (trayendo consigo su prueba) y/o Gene Bell, Edificio Padín #613, San Juan, P. R.

"Por la presente se notifica a Ud. que la Comisión Industrial ha señalado el día 24 de marzo de 1943, a las nueve de la mañana, para celebrar una vista pública en este caso en San Juan, y si Ud. no comparece, la Comisión fallará el caso en rebeldía, de acuerdo con las disposiciones de la Ley 45, aprobada en abril 18 de 1935.''

El día de la vista, y no obstante estar redactada la citación en español, compareció ante la Comisión el Sr. Block y también su socio el Sr. Bell. Al comenzar la vista, el Comisionado Sr. Herrero explicó a dichos señores, en inglés, los pormenores de la petición del obrero, y les informó también de la alegación que hacía el Administrador del Fondo al efecto de que el día en que ocurrió el accidente el obrero estaba trabajando en una goleta consignada a Block, Bell & Co., y que en esa fecha dicha firma no figuraba como asegurada, pues su póliza fué tomada el día siguiente al del accidente, motivo por el cual se declaró sin lugar la petición del obrero.

Llamado como testigo el Sr. Angel Moreno, declaró: Que la firma Moreno & Cía está asegurada con el Fondo del Seguro del Estado; que en cuanto a este caso dicha firma no tuvo nada que ver con la carga y descarga de la goleta, porque el Sr. Bell fué quien pagó los trabajadores; que él (Moreno) le adelantó a Bell el dinero para pagar los trabajadores y Bell se lo devolvió después; que él no tiene en récord ningún "pay roll" que demuestre que Moreno & Cía. pagara a los trabajadores; que Moreno & Cía. están asegurados, pero no pueden aceptar "una cosa que no nos traiga responsabilidad directa"; que en otros casos, cuando ellos servían de agentes, ellos pagaban los gastos y después cobraban por los desembolsos hechos para pago de trabajadores; que él no puede engañar a la Comisión, pues en este caso él no pagó los trabajadores y lo que hizo fué prestarle el dinero al Sr. Bell; que éste fué quien alquiló a los trabajadores y le pidió prestado el dinero para pagarles. En este momento el Comisionado Herrero preguntó al Sr. Bell, en inglés, si era cierto lo declarado por Moreno, y el Sr. Bell contestó en la afirmativa. Continuó declarando Moreno, que

cuando viene un barco y ellos son los agentes, entonces ellos supervisan los trabajadores, les pagan sus jornales y llevan una nómina de pagos o payroll, anotando en sus libros los pagos que han hecho, para cobrarlos después. Intervino el Sr. Bell, diciendo en inglés: "El era un agente", a lo que replicó Moreno: "Yo le estoy explicando la situación a la Comisión. Cuando nosotros pagamos por nuestra cuenta llevamos un payroll y tenemos un capataz que nos supervisa el trabajo, un *foreman,* y todo lo concerniente al trabajo". Declaró Moreno que no podía informar a la Comisión para quién trabajaba el obrero el día del accidente "porque yo no lo alquilé a él".

El obrero lesionado declaró que él y dieciocho obreros más fueron contratados para trabajar por el capataz Carlos Alberto, quien trabajaba por cuenta del Sr. Bell; que él trabajó dos días y que fué Mr. Bell quien le pagó $10, quedándole a deber cuatro centavos; que después del accidente el Sr. Bell le pagó dietas de $10 para él y $2 para gastos. Intervino en el interrogatorio para explicar los pasos dados por él para la cura y hospitalización del lesionado.

Declaró el obrero Secundino Padilla, que él fué uno de los dieciocho trabajadores contratados por Carlos Alberto, el capataz del Sr. Bell. Al declarar el testigo que el lesionado fué al hospital por su cuenta y que no fué Bell quien lo envió, intervino Bell para contradecir al testigo, diciendo que él estaba allí y dió la orden para que el lesionado fuese llevado al hospital. Intervino el Sr. Block, diciendo: "El Sr. Moreno es responsable en este caso porque él es el agente de la goleta, del bote".

Volvió a declarar el Sr. Moreno para decir que el día en que ocurrió el accidente era un día de fiesta, domingo, y que Moreno y Cía. tenía la oficina cerrada; que Block, Bell & Co. quisieron descargar en ese día y el trabajo se hizo por cuenta de ellos; que Moreno & Cía. han estado asegurados siempre, pero que en este caso no puede decir que tenga un payroll porque no lo tiene.

Basta lo expuesto para hacer caer por su base toda la argumentación de la parte recurrente. La citación entregada al Sr. Block le informaba claramente que se le citaba para la celebración de una vista pública en el caso de la reclamación del obrero René Cuevas Roselló, y se le apercibía de que si dejaba de comparecer se fallaría el caso en rebeldía. También se le avisó que debía traer consigo su prueba. El hecho de que la citación estuviera redactada en español y no en inglés, podría tal vez ser aceptado como una excusa si el Sr. Block se hubiese encontrado, al ser citado, en un desierto o en un país donde le hubiese sido, si no imposible, por lo menos difícil encontrar una persona con conocimiento suficiente del inglés para poder traducirle las setenta y tres palabras contenidas en la citación. Y la mejor prueba de que el Sr. Block se enteró de lo que se trataba, es el hecho de que él y su socio comparecieron al acto de la vista en el sitio y a la hora indicados en la citación.

La firma recurrente estuvo representada en la vista por sus dos socios. Estos fueron informados en inglés de cuanto allí se dijo. Intervinieron en los interrogatorios e hicieron todos los esfuerzos posibles para que la indemnización que pudiera ser adjudicada al obrero lesionado fuese satisfecha por el Fondo del Seguro del Estado, con cargo a la póliza de Moreno & Cía. ya que la póliza de Block, Bell & Co. no había sido tomada hasta el día siguiente al del accidente. A no ser por la clara y honrada declaración del Sr. Moreno, tal vez el Fondo del Seguro del Estado se hubiese visto obligado a cargar con una responsabilidad que no le correspondía.

Tomando en consideración todas las circunstancias del caso, opinamos que la Comisión no erró y que por el contrario procedió correctamente al negarse a abrir el caso para la celebración de una nueva vista o para admitir pruebas que la recurrente tuvo oportunidad de presentar y no presentó en el acto de la vista.

*La resolución recurrida será confirmada.*